IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN SMALL BUSINESS LEAGUE,

    Plaintiff,

v.

DEPARTMENT OF DEFENSE,

    Defendant.

No. C 14-02166 WHA

**ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this action under the Freedom of Information Act, both sides move for summary judgment in connection with Sections 552(b)(4) and (6) of Title Five of the United States Code. For the reasons discussed below, both motions are **DENIED**.

## STATEMENT

Plaintiff American Small Business League is an organization that promotes the interests of small businesses. To that end, it focuses public attention on emerging issues for small businesses, reviews federal and state government policies and procedures to determine the potential impact on small businesses, and monitors federal contracts that are awarded to large corporations rather than to small businesses (Compl. ¶ 3).

On August 9, 2013, and under the Freedom of Information Act, plaintiff requested the following document from defendant agency Department of Defense: "[t]he most recent master [C]omprehensive [S]ubcontracting [P]lan submitted by Sikorksy Aircraft Corporation for participating in the Comprehensive Subcontracting Plan Test Program for the Department of

Defense" (*id.* ¶ 5). According to plaintiff, the Small Business Act of 1953 normally requires large contractors to submit "Individual Subcontracting Reports" and "Summary Subcontracting Reports" to show how government contracts and subcontracts are being awarded to small businesses. But in 1990, Congress passed the Test Program as part of a defense appropriations bill, thereby allowing certain defense contractors to do away with the normally required Individual Subcontracting Reports and Summary Subcontracting Reports. Instead, those defense contractors can submit a different type of report — the Comprehensive Subcontracting Plan — to identify "all subcontract amounts awarded to small businesses on all government contracts the prime contractor fulfills" (Br. 3). In this instance, the requested Sikorsky Comprehensive Subcontracting Plan comes from 2013.

On September 3, 2013, the agency responded to plaintiff's FOIA request as follows (Compl. ¶ 6):

> At this time we are unable to make a release determination on your request within the twenty[-]day statutory time period as there are unusual circumstances which impact our ability to quickly process your request. These unusual circumstances are: (a) the need to search for and collect records from several offices geographically separated from this office and (b) the need to consult with one or more agencies or DoD computers having a substantial interest in either the determination or the subject matter of these records. For these reasons, your request has been placed in our complex processing queue and it will be worked in the order the request was received.

After an appeal of the agency's response, which has yet to be answered, plaintiff began this action on May 12, 2014.

Now, plaintiff seeks summary judgment "to compel a determination by [the agency] as to whether [Sikorksy's Comprehensive Subcontracting Plan] [is] to be disclosed in whole or in part" (Br. 2, 7). In opposition, the agency contends that plaintiff's motion is moot because the agency has now determined that the requested plan cannot be released. Reportedly, that plan falls under FOIA's exemption under Section 552(b)(4) of Title Five of the United States Code, and the agency also moves for summary judgment to confirm that determination. Of note, the agency's motion raises no other FOIA exemption.

2

1    Following briefing and a hearing on the parties' motions, the undersigned judge ordered
2    the agency to lodge Sikorsky's Comprehensive Subcontracting Plan for *in camera* review (Dkt.
3    No. 23). That order further instructed the agency to "tab and highlight every part of the
4    requested document" that the agency believes is exempt under Section 552(b)(4), and to include
5    an accompanying declaration from either Sikorsky or the agency to address this non-exhaustive
6    list of questions:

> (1) how stale is the information in the requested document; (2) has any part of the requested document's content been disclosed in any other setting; (3) what steps has Sikorsky taken to maintain the confidentiality of the requested document's content, including its actions with its own employees; and (4) how does suppression of the requested document square with the Small Business Act's mandate to encourage government contractors to subcontract to small disadvantaged businesses?

On November 20, 2014, the agency lodged Sikorsky's Comprehensive Subcontracting Plan, but did not highlight the reportedly exempt portions thereof. Instead, it provided one redacted version and one unredacted version of the requested document, forcing the undersigned judge to compare each page of each version in identifying where the allegedly exempt portions are. Sikorsky has also submitted an accompanying declaration by Amy Johnson, "Director Supply Management" at the company, but her declaration does not address the aforementioned question of how suppression in this matter squares with the Small Business Act's mandate (Johnson Decl. ¶ 2).

This order now decides all motions, having considered full briefing, supplemental responses, and oral argument from both sides.

**ANALYSIS**

As a preliminary matter, plaintiff's brief concedes that its motion for summary judgment is "necessarily limited to compelling a determination by [the agency]" on the exemption issue (Br. 3, 7). Because the agency has now made that determination, plaintiff's motion is **DENIED AS MOOT**.

There still remains the agency's own motion for summary judgment. Here, the question presented is whether the agency has properly determined that the requested plan is exempt under Section 552(b)(4). According to the agency, Sikorksy's Comprehensive Subcontracting Plan

3

cannot be released because that plan contains confidential and financial information that would harm Sikorsky's competitive position if that information were released.

The agency "has the burden of proving that the information is protected from disclosure under FOIA." *Frazee v. U.S. Forest Serv.*, 97 F.3d 367, 370–71 (9th Cir. 1996). *Frazee* further instructed that Section 552(b)(4) "exempts from disclosure commercial or financial information that is 'privileged or confidential,'" stating the following (emphasis added) (internal citations omitted):

> Commercial or financial matter is "confidential" for purposes of [Section 552(b)(4)] if disclosure of the information is likely to have either of the following effects:  (1) to impair the Government's ability to obtain necessary information in the future; or (2) *to cause substantial harm to the competitive position of the person from whom the information was obtained* . . . .
>
> While a party need not show actual competitive harm, *it must present specific "evidence revealing* (1) *actual competition and* (2) *a likelihood of substantial competitive injury"* in order to prove that the information falls under [Section 552(b)(4)].

Here, the agency argues that it is entitled to summary judgment based on Johnson's accompanying declaration. In relevant part, her declaration states (Johnson Decl. ¶¶ 6–9) (emphasis added):

> The information subject to the FOIA Request . . . *consists of Sikorsky's operational strategies and methods, including the company's make-or-buy process, the type of supplies and services subcontracted by Sikorsky, the techniques of identification and development of potential sources, subcontractor proposal evaluation criteria, flow-down of subcontracting requirements, the company's socio-economic goals used in subcontracting, the methods for developing such goals, selected industry categories targeted for major outreach initiatives, case-study examples, data regarding administration of the plan, as well as the associated organizational structure and the roles and responsibilities of specific individuals.*
>
> \*           \*           \*
>
> *Release of the information subject to the FOIA Request would cause substantial harm to the company's competitive position.* Based on my experience and on my understanding of and familiarity with the information requested — information that Sikorsky does not release to the public — it is my professional opinion that a competitor with similar expertise *could* readily use the information to determine Sikorsky's approach to key manufacturing and sourcing decision[s] that are competitively

4

>evaluated as part of [the agency's] contract proposal review. If a competitor had access to this information, it could use the information to determine the relative strengths and weaknesses of Sikorsky's proposals, as well as to misappropriate operational and manufacturing strategies that are the product of Sikorsky's innovation or substantial effort. The competitor *could* then use all of this data and information to Sikorsky's detriment when preparing its own proposals or marketing materials for such contracts.

Johnson's declaration also adds that "[d]isclosing the data in he response to the FOIA Request provides a potential competitor with information that will allow a competitor to better understand how Sikorsky has done business in the past, how it structures its proposals, and how it was able to win certain government contracts" (*id.* ¶ 11). To that end, the declaration identifies "proprietary" information — such as names and contact information for Sikorsky employees, training program information, dollar amounts of awarded subcontracts, "the substantiation of the company's small business goals," the methodology for spending allocation, and specific commodities for which Sikorsky subcontracts — that would reveal Sikorsky's purchasing strategies and business relationships to its competitors (*id.* ¶ 12).

Here is the problem. For the standard of review of a FOIA exemption, "a district court must accord 'substantial weight' to [the agency's] affidavits, provided the justifications for nondisclosure 'are not controverted by contrary evidence in the record or by evidence of [the agency's] bad faith." *Minier v. C.I.A.*, 88 F.3d 796, 800 (9th Cir. 1996) (internal citations omitted). But on this issue, our court of appeals has further explained:

>Although the [agency's] reasons are entitled to deference, the [agency's] declarations must still '*describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemptions,* and show that the justifications are not controverted by contrary evidence in the record or by evidence of CIA bad faith.' The CIA must do more than show simply that it has acted in good faith.

*Berman v. C.I.A.*, 501 F.3d 1136, 1140 (9th Cir. 2007) (emphasis added) (internal citations omitted).

Having reviewed Sikorsky's lodged Comprehensive Subcontracting Plan and Johnson's accompanying declaration, this order finds that the agency has not provided reasonably specific detail to explain why the redacted portions of the lodged document are exempt under Section

5

552(b)(4). Neither the lodged document nor Johnson's declaration adequately shows how the redacted information is "likely to cause substantial competitive injury" if disclosed. *Frazee*, 97 F.3d at 370–71. At best, Johnson concludes in her declaration that the "[r]elease of the information . . . *would* cause substantial harm to the company's competitive position," on the basis that a competitor "*could*" use such information to assess the strengths and weaknesses of Sikorsky's bid proposals to the agency (Johnson Decl. ¶¶ 8–10, 12) (emphasis added). That is not enough to grant summary judgment for the agency.

Nevertheless, Sikorsky's lodged Comprehensive Subcontracting Plan and Johnson's accompanying declaration raise — for the first time after briefing — a new FOIA exemption that reportedly applies to several of the redacted parts of the lodged document. That new FOIA exemption is Section 552(b)(6), which applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Allegedly, Section 552(b)(6) covers the handwritten signatures of government officers named on the first page of Sikorsky's Comprehensive Subcontracting Plan, as well as Sikorsky employees' names, their work phone numbers, their work e-mail addresses, and/or their work mailing addresses found therein.

This order disagrees. There is no "clearly unwarranted invasion of personal privacy" that justifies exemption under Section 552(b)(6). *See Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1024–25 (9th Cir. 2008). To the contrary, the work contact information for several Sikorsky employees listed in the Comprehensive Subcontracting Plan is already accessible online. Moreover, Johnson's accompanying declaration does not specify why the employees' work contact information or the government officials' handwritten signatures justify redaction under Section 552(b)(6). At most, she declares that this is "[p]ersonal identifying information . . . which was not disclosed to protect the individuals' privacy" (Johnson Decl. ¶ 12). As such, this amounts to a "trivial privacy interest" for which "Exemption 6 cannot apply." *Prudential Locations LLC v. U.S. Dep't of Hous. & Urban Dev.*, 739 F.3d 424, 430 (9th Cir. 2013).

The agency's motion for summary judgment is therefore **DENIED**.

6

**CONCLUSION**

For the reasons discussed above, both motions for summary judgment are **DENIED**. Given that the agency's motion has been rejected, the Court hereby **ORDERS** the agency to release Sikorsky's Comprehensive Subcontracting Plan to plaintiff by **DECEMBER 3, 2014**, subject only to appeal.

**IT IS SO ORDERED.**

Dated: November 23, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE