United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN SMALL BUSINESS LEAGUE,

    Plaintiff,

v.

DEPARTMENT OF DEFENSE,

    Defendant,

SIKORSKY AIRCRAFT CORPORATION

    Proposed Intervenor.

No. C 14-02166 WHA

**ORDER GRANTING MOTION TO INTERVENE**

    In this action under the Freedom of Information Act, third party Sikorsky Aircraft Corporation moves to intervene, solely for the purposes of appeal. For the reasons stated below, Sikorsky's motion is **GRANTED**.

    The facts of this case are discussed in detail in the order denying the parties' cross motions for summary judgment (Dkt. No. 28). In brief, plaintiff American Small Business League is an organization that promotes the interests of small businesses.

    On August 9, 2013, and under the Freedom of Information Act, plaintiff requested the following document from defendant agency Department of Defense: "[t]he most recent master [C]omprehensive [S]ubcontracting [P]lan submitted by Sikorksy Aircraft Corporation for participating in the Comprehensive Subcontracting Plan Test Program for the Department of Defense" (Belshaw Decl. Exh. A).

On September 3, 2013, the agency denied plaintiff's FOIA request. After an appeal of the agency's response, which has yet to be answered, plaintiff began the present action. On November 20, 2014, the parties' cross motions for summary judgment were denied and the agency was ordered to release Sikorsky's Comprehensive Subcontracting Plan to plaintiff by January 22, 2015 (Dkt. Nos. 28, 32).

Now, third party Sikorsky moves to intervene because Sikorsky is uncertain whether the agency will appeal the order requiring it to turn over the document at issue.

The main issue is whether Sikorsky's motion to intervene is timely. Under FRCP 24, timeliness is determined with reference to three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Comm. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002).

This order finds that Sikorsky's motion to intervene, solely for the purposes of appeal, is timely. While Sikorsky should not have sat on the sidelines and waited this long to intervene, its intervention will not prejudice plaintiff or any other party. Furthermore, as the motion to intervene is solely for appeal purposes, it will not cause further delay in the district court.

At oral argument, plaintiff acknowledged that it will not suffer any prejudice due to Sikorsky's intervention. Rather, plaintiff objected that allowing Sikorsky to intervene at this stage is simply unfair, as Sikorsky does not have a valid excuse for its delay. Although this order agrees that Sikorsky should not have waited so long, Sikorsky will be allowed to intervene.

## CONCLUSION

For the reasons stated above, Sikorsky's motion to intervene, solely for appeal purposes, is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 20, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE