IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN SMALL BUSINESS LEAGUE,

    Plaintiff,

v.

DEPARTMENT OF DEFENSE,

    Defendant,

and

SIKORSKY AIRCRAFT CORPORATION,

    Proposed Intervenor.

No. C 14-02166 WHA

**ORDER GRANTING UNOPPOSED MOTION TO INTERVENE**

In this action under the Freedom of Information Act, third party Sikorsky Aircraft Corporation moves to intervene. Plaintiff and defendant do not oppose. For the reasons that follow, the motion to intervene is **GRANTED**.

This is an action by plaintiff American Small Business League against the Department of Defense. On August 9, 2013, plaintiff filed a FOIA request seeking "[t]he most recent comprehensive subcontracting plan submitted by Sikorsky Aircraft Corporation for participation in the [DOD's] Comprehensive Subcontracting Plan Test Program" (Dkt. No. 1 ¶ 5).

The DOD denied the FOIA request on September 3. Plaintiff then initiated this action. An order required the DOD to produce Sikorsky's subcontracting plan to plaintiff by December 3, 2014 (Dkt. No. 28 at 7). A subsequent order then granted Sikorsky's motion

1

to intervene for the purpose of appealing the disclosure order (Dkt. No. 48). Our court of appeals reversed the disclosure order. *Am. Small Bus. League v. Dep't of Defense*, No. 15-15120, 2017 WL 65399 (9th Cir. Jan. 6, 2017).

Sikorsky now seeks to intervene for all purposes under both FRCP 24(a) and FRCP 24(b). This order addresses each in turn.

To intervene as a matter of right under FRCP 24(a), an applicant must establish that (1) intervention is timely; (2) it has a "significant protectable interest" relating to the subject of the action; (3) the action's disposition "may, as a practical matter, impair or impede [its] ability to protect its interest; and (4) the existing parties may not adequately represent [its] interests." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

The main issue is whether the DOD can adequately represent Sikorsky's interests. To determine the extent to which representation is adequate, courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments, (2) whether the present party is capable and willing to make such arguments, and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The burden to show inadequate representation is typically "minimal," however, if the applicant and the existing party have the "same ultimate objective," then representation is presumed to be adequate. Sikorsky and the DOD have the same ultimate objective — to prevent disclosure of Sikorsky's subcontracting plan (*see* Dkt. No. 75 at 3).

The applicant must make a "compelling showing" to rebut the presumption. *Arakaki*, 324 F.3d at 1086. Sikorsky fails to rebut this presumption. *First*, it is not enough that Sikorsky may or may not make the "same arguments" or use the "same evidence" as the DOD. Sikorsky does not explain how these potential variations in litigation strategy are significant enough to justify intervention. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009) (mere variations in litigation strategy are insufficient to support intervention as a matter of right). *Second*, the fact that Sikorsky "can best explain" the impact of the subcontracting plan's disclosure does not mean that the DOD would neglect to

address this element. Rather, Sikorksy's expertise is just a potential improvement. *See Blake v. Pallan*, 554 F.2d 947, 955 (9th Cir. 1977) (benefits of factual knowledge can be obtained by an amicus brief "rather than bought with the price of intervention").

An applicant requesting permissive intervention under FRCP 24(b) must show (1) that there are "independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).

*First*, the independent jurisdictional requirement does not apply here because Sikorsky is requesting to intervene in a federal-question case and is not raising new claims. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (proposed intervenors in federal-question cases do not have to establish independent jurisdictional grounds when not raising new claims). *Second*, timeliness is not an issue here because this action only recently resumed progress following appeal of the disclosure order and Sikorsky's intervention would not prejudice the other parties. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 921–23 (9th Cir. 2004). Indeed, both sides have filed statements of non-opposition to Sikorsky's motion (Dkt. Nos. 76, 77). *Third*, Sikorsky will argue the subcontracting plan is exempt from disclosure, which goes to the heart of this action (Dkt. No. 75-1 ¶ 13).

**CONCLUSION**

For the foregoing reasons, the motion to intervene is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 1, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3