IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN SMALL BUSINESS LEAGUE,

Plaintiff,

v.

DEPARTMENT OF DEFENSE,

Defendant.

No. C 14-02166 WHA

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

For the reasons stated on the record during the motion hearing on January 17, defendants' motion for summary judgment is **DENIED IN PART** with respect to redaction numbers 51 and 54 (*see* Dkt. No. 135 at 50:20–51:6).

Defendants' motion for summary judgment is **GRANTED IN PART** with respect to the four signatures defendants contend are covered by Exemption 6. *See* 5 U.S.C. § 552(b)(6). In its decision reversing the prior disclosure order in this very action, our court of appeals specifically considered, among other things, the signatures of Sikorsky employees. The decision stated (Dkt. No. 65 at 4 (citations omitted)):

> Although the employees' privacy interests in that information are small, they are not trivial because culprits could use the information for such purposes as harassment or forgery. We can identify no countervailing public interest sufficient to justify disclosure in these circumstances, especially since the Department already disclosed the names of all employees mentioned in the Plan.

In a prior hearing, the undersigned judge also explicitly advised both sides that there was "no way" he would order the disclosure of signatures and other "personal identifying information" due to concerns of fraud (Dkt. No. 124 at 9:25–10:6).

The ASBL nevertheless continues to seek disclosure of the four signatures, arguing that *different* signatures in the public record demonstrate the "speculative" nature of the threat to privacy at issue. The ASBL brushes off the prior statements by both our court of appeals and the undersigned judge on the basis that neither "specifically concerned the images of signatures" (Dkt. No. 129 at 18). These assertions cannot be squared with the plain language in the record. Additionally, as our court of appeals already noted, the ASBL has presented — and continues to present — no evidence of any countervailing public interest sufficient to justify disclosure. Because there is no genuine dispute of material fact that Exemption 6 applies to the four signatures at issue, summary judgment is proper as to those signatures.

Except to the extent stated above, defendants' motion for summary judgment is **DENIED** due to genuine disputes of material fact. If both sides will so stipulate, the Court will try this case on the summary judgment record based on its own factual evaluation thereof. If both sides will so stipulate, we will have closing arguments with each side receiving an hour (total of two hours). Otherwise, we will proceed to a bench trial with a fresh record. Counsel shall please promptly advise the Court how they wish to proceed.

**IT IS SO ORDERED.**

Dated: January 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE